**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Victor DANTE and Edward Levine,**
**a/k/a "Eddie",**
**Defendants-Appellants.**

**No. 84–8031.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 1984.

Jerome J. Froelich, Jr., Atlanta, Ga., Bruce S. Rogow, Fort Lauderdale, Fla., for Dante.

Jack I. Zalkind, Boston, Mass., Theodore Lackland, Atlanta, Ga., for Levine.

James M. Deichert, Asst. U.S. Atty., Atlanta, Ga., William C. Bryson, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before KRAVITCH and JOHNSON, Circuit Judges, and ALLGOOD *, District Judge.

ALLGOOD, District Judge:

The defendants, Victor Dante and Edward Levine, appeal the order of the district court denying their motion to dismiss their indictment on double jeopardy grounds.

Victor Dante was charged with extortionate credit transactions in violation of 18 U.S.C. § 894 and income tax evasion in violation of 26 U.S.C. § 7206. Edward Levine was charged as a conspirator in the extortionate credit transactions in violation of 18 U.S.C. § 894.

On the day of the trial, but prior to the selection of the jury, Dante's attorney obtained an order from the judge that the prosecutor would not mention the term "organized crime" in the presence of the jury without first bringing it to the court's attention. However, a short time later, in his opening statement, the prosecutor, on more than one occasion referred to his witnesses' connections to organized crime. He did not connect the defendants to any organized crime families. The defense made no objections to those references, even though other objections were made during the opening statement. At the close of all the opening statements the defendants moved for a mistrial. Over the strenuous objections of the prosecutor, the judge granted a mistrial and rescheduled the case for one month later.

Prior to the date set for the second trial the defendants moved to dismiss the indictment, claiming that a second trial would violate the Double Jeopardy Clause of the Fifth Amendment. The defendants argued that the prosecutor had intentionally provoked them into making the mistrial motion, thus denying them their right to a trial before the jury of their choosing. After a hearing on the issue, the court denied the motion saying, "the defendants have failed to establish that the government intended or wanted a mistrial." It is from this order that the defendants appeal.

■ The defendants urge this court to make an independent review of the facts and circumstances rather than applying a clearly erroneous standard, arguing that the issue of the prosecutor's intent is a mixed question of law and fact, citing *Douglas v. Wainwright*, 714 F.2d 1532, 1554 (11th Cir.1983), to support this contention. *Douglas v. Wainwright* provides little if any support for such an argument since the issue held to be a mixed question of law and fact in that case was the ineffective assistance of counsel. The Supreme Court in *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), said that the determination of the prosecutor's intent is a finding of fact for the court. *Id.* at 675, 102 S.Ct. at 2089. Thus this court must only determine whether the findings of the trial court were clearly erroneous.

■ The Supreme Court has recently said in *Oregon v. Kennedy* that a defendant is entitled to a dismissal on double

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

jeopardy grounds if the court finds the prosecutor intentionally provoked the defendants into moving for a mistrial so the government would have the opportunity to try the case before another jury. Conduct that would be sufficient to justify a mistrial would not bar retrial unless the court does find such intent on the part of the prosecutor. *Id.* at 675, 676, 102 S.Ct. at 2089–2090.

■ The trial judge observed the prosecutor during his opening remarks. The judge also heard and observed the prosecutor as he explained his unilateral decision to violate the court order to refrain from using the term "organized crime." After these observations, reviewing the statements made and applying the standard of *Oregon v. Kennedy,* the judge concluded that the requisite intent to provoke a mistrial was absent. The court pointed to the fact that the references to organized crime referred to the government's witnesses only and there was no direct reference to either of the defendants in that regard. The court further noted that the delay will work to the defendants' advantage rather than disadvantage and the failure of the defendants to object to the violations of the court's order at the time they were made when the infraction could have been cured with proper instructions to the jury, "mitigate to a certain extent the Government's violation."

The findings of the trial court are amply supported by the record, thus the denial of the defendant's motion is AFFIRMED and the case is REMANDED to the district court for retrial.