**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Victor POSNER, Defendant-Appellee.**

No. 84–5858.

United States Court of Appeals, Eleventh Circuit.

July 12, 1985.

Neil S. Cartusciello, Sp. Asst. U.S. Atty., Caroline Heck, Asst. U.S. Atty., K. Chris Todd, Sp. Asst. U.S. Atty., Joe McSorley, Miami, Fla., for plaintiff-appellant.

---

Edward Bennett Williams, Williams & Connolly, Washington, D.C., for defendant-appellee.

Before RONEY and KRAVITCH, Circuit Judges, and THOMAS [*], District Judge.

RONEY, Circuit Judge:

The Government appeals pursuant to 18 U.S.C.A. § 3731 from an adverse pretrial evidentiary ruling in its prosecution of Victor Posner for criminal tax violations. The district court, 594 F.Supp. 923, held that a letter written by William Scharrer, Posner's codefendant prior to a severance granted on Posner's motion, was inadmissible against Posner. We affirm.

On June 14, 1983, an indictment was returned in the Southern District of Florida charging Posner and Scharrer with conspiring to overvalue two parcels of real estate totaling 22 acres given by Posner to Miami Christian College. The indictment alleged that artificially high appraisals were made in order that Posner could evade income taxes by taking grossly inflated charitable deductions on his income tax returns. Scharrer's role in the scheme included supplying inflated real estate appraisals.

The July 29, 1976 letter, which forms the basis for the Government's interlocutory appeal, is addressed to Loren Felabom, the business manager of Miami Christian, and was signed by William Scharrer. When outside accountants began auditing Miami Christian's financial position for the year ending June 30, 1976, they informed Felabom that they needed a written statement of the value of real estate donated by Posner in 1975. Felabom contacted Scharrer, who responded with the July 29, 1976 letter, the text of which is as follows:

Enclosed herewith is a copy of the preliminary appraisals which were delivered to Mr. Posner December 30, 1975.

---

[*] Honorable Daniel H. Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation.

The backup work has not been completed as yet; however, as soon as it is I'll send you a copy.

What we did was average the $1.5 million approximate figure with $2 million and came up with an average price of $1,750,000. This price is probably unrealistic inasmuch as it is being developed for tax purposes.

From a realistic market price I believe if we had to sell the property the amount of $50,000 an acre would probably be it.

The property referred to in the letter was the first parcel of real estate donated by Posner in 1975, a 16-acre tract. The second tract consisting of six acres was not donated until 1978. The $1,750,000 "average price" was derived from Scharrer's $2 million appraisal and the preliminary $1.5 million value stated by another appraiser, who later repudiated the figure and refused to complete a full appraisal report. In 1977, Miami Christian entered into a contract to sell the land in question for $512,000.

During a hearing conducted pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), prior to the commencement of the trial of Posner and Scharrer, the district court stated its intention to defer until trial its ruling on the admissibility of the Scharrer letter in order that the court might hear witnesses who, according to the prosecution, would provide testimony necessary to support admissibility. The jury trial of Posner and Scharrer commenced on July 26, 1984. On August 1, 1984, the fourth day of the trial, the Government offered the Scharrer letter into evidence. The district court ruled the letter admissible against Scharrer but inadmissible against Posner. Finding that there was no way to protect Posner from the trial jury's consideration of the letter as evidence against him, the district court then granted Posner's motion for severance. The proceedings against Scharrer continued, and the jury eventually returned a verdict of guilty as to all four counts charged against him.

Subsequent to the verdict against Scharrer and prior to Posner's retrial, the Government filed a motion in limine seeking, among other things, the district court's reconsideration of its ruling excluding Scharrer's letter as evidence against Posner. On September 19, 1984, the district court entered an order and opinion that re-analyzed the admissibility issue before ultimately denying the Government's motion.

The letter was inadmissible hearsay unless admissible under one of two exceptions in the Federal Rules of Evidence, both urged by the government as making the letter admissible. The district court ruled the Scharrer letter was neither a statement of a coconspirator in furtherance of the conspiracy under Fed.R.Evid. 801(d)(2)(E), nor a declaration against penal interest under Fed.R.Evid. 804(b)(3), relying mainly on its determination that the letter was not "clearly and directly" against Scharrer's penal interest. The Government challenged both rulings in its initial appeal, but by motion withdrew its argument on Rule 804(b)(3) upon being informed that an essential prerequisite of admissibility under that rule, the unavailability of the declarant, had been eliminated by Scharrer's stated willingness to testify at Posner's trial. Thus, we address only the admissibility of the letter as a statement of a coconspirator, on the record before us.

Fed.R.Evid. 801(d)(2)(E) provides that a statement is not hearsay if:

> (2) [t]he statement is offered against a party and is ... (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

Since there was sufficient evidence to establish a conspiracy and that defendant and Scharrer were members of it, the question is whether the district court correctly ruled that the letter was not "in furtherance of the conspiracy." This determination is a finding of fact which may be overturned only if clearly erroneous. *United States v. Griggs*, 735 F.2d 1318, 1325 (11th Cir.1984); *United States v. Roper*, 681 F.2d 1354, 1359 (11th Cir.1982), *cert. denied*, 459 U.S. 1207, 103 S.Ct. 1197, 75 L.Ed.2d 440 (1983); *United States v. Bulman*, 667 F.2d 1374,

1379 (11th Cir.), *cert. denied sub nom. Howard v. United States*, 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982).

■■■ In seeking to establish that the Scharrer letter was in furtherance of the conspiracy, the Government argued in the district court that the letter was written to allay suspicions that would otherwise have arisen when Miami Christian trustees and administrators learned of the overvalued appraisals. Statements made by a coconspirator to allay suspicions can be "in furtherance" of a conspiracy and therefore admissible. *See United States v. Griggs*, 735 F.2d 1318, 1325 (11th Cir.1984); *United States v. Miller*, 664 F.2d 94, 98 (5th Cir. Unit B 1981), *cert. denied*, 459 U.S. 854, 103 S.Ct. 121, 74 L.Ed.2d 106 (1982); *United States v. Del Valle*, 587 F.2d 699, 704 (5th Cir.), *cert. denied*, 442 U.S. 909, 99 S.Ct. 2822, 61 L.Ed.2d 274 (1979). The district court found no evidence that Scharrer wrote the letter to allay suspicions. There was an absence of any evidence that Loren Felabom, the recipient of the letter, or any other College board member had been disturbed by the discrepancy between Scharrer's appraisal and the actual value of the land entered on the books. The letter itself and the attached appraisal report served only to disclose Scharrer's scheme rather than to provide a plausible explanation that might allay suspicions. As the district court noted, a letter that "spilled the beans" regarding the tax scheme could hardly be considered to have advanced any object of the conspiracy. *See United States v. Harrell*, 436 F.2d 606, 613 (5th Cir.1970), *cert. denied*, 409 U.S. 846, 93 S.Ct. 49, 34 L.Ed.2d 86 (1972). Despite the Government's arguments to the contrary, none of the district court's essential findings of fact underlying its determination that Scharrer's letter is inadmissible under Rule 801(d)(2)(E) has been shown to be clearly erroneous.

For the first time on appeal, the Government theorizes that the letter was intended to forestall a sale of the land by the College and that Scharrer wrote the letter to protect and preserve his position as a College trustee. Both arguments are accompanied by considerable speculation as to Scharrer's motives made without the benefit of any record support.

The district court's order denying the Government's motion in limine is due to be affirmed.

In reaching the merits, we have rejected two arguments raised in Victor Posner's motion to dismiss this appeal for lack of jurisdiction. First, Posner has challenged this Court's jurisdiction over this appeal under 18 U.S.C.A. § 3731. That provision generally authorizes the Government to appeal from a district court order suppressing or excluding evidence, but prohibits appeal of such rulings rendered "after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information."

■■■ Since it seems clear that this provision is designed only to prevent Government appeals that would violate double jeopardy or interfere with an ongoing trial, there is no support for the contention that a Government appeal may not be made in this case. In construing section 3731 on a Government appeal from an order excluding evidence, the Supreme Court recognized that "the purpose of the section was 'to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit.' " *United States v. Helstoski*, 442 U.S. 477, 487 n. 6, 99 S.Ct. 2432, 2439 n. 6, 61 L.Ed.2d 12 (1979) (quoting *United States v. Wilson*, 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232 (1975)). The *Helstoski* Court, finding "no constitutional barriers" to appeal, concluded that section 3731 authorized the appeal. 442 U.S. at 487 n. 6, 99 S.Ct. at 2439 n. 6. Accordingly, absent double jeopardy concerns, other courts have entertained section 3731 appeals filed after the district court declared mistrial but before retrial and reviewed evidentiary rulings the district court made before declaring mistrial. *See United States v. Layton*, 720 F.2d 548, 553–54 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1423, 79 L.Ed.2d 748 (1984); *United States v. Harshaw*, 705 F.2d 317, 319–20 (8th Cir.1983); *United States v. Margiotta*, 662 F.2d 131,

141 & n. 26 (2d Cir.1981), *cert. denied,* 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983).

█ Second, Posner contends that the appeal should be dismissed as moot because a retrial of Posner would be barred by the double jeopardy clause. Because Posner filed the motion that led to the district court granting severance with respect to him, Posner must demonstrate an "intent on the part of the prosecutor to subvert the protection afforded by the Double Jeopardy Clause," *Oregon v. Kennedy,* 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982), by establishing that "the governmental conduct in question [was] intended to 'goad' the defendant into moving for a mistrial." *Id.* at 676, 102 S.Ct. at 2089. Such a standard calls for a finding of fact by the court, *id.* at 675, 102 S.Ct. at 2089, an inquiry for which the trial court is best suited. *Cf. United States v. Dante,* 739 F.2d 547, 548 (11th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 811, 83 L.Ed.2d 402 (1984) (applying clearly erroneous standard to district court's finding of fact that Government did not intend to cause mistrial).

Posner claims that the prosecution was well aware during the pretrial hearing that it had insufficient evidence to support admission of Scharrer's letter against Posner, that it concealed this knowledge from the court, and that the prosecution, by failing to object to the court's decision to defer ruling until the trial had begun, was taking advantage of an opportunity to preview Posner's defense strategy by observing counsel's opening statement and cross-examination of prosecution witnesses.

█ The district court, in announcing at the pretrial hearing its decision to defer ruling on Scharrer's letter until trial, noted that it did not foresee any double jeopardy concerns in the event of a retrial, assuming Posner eventually moved for and obtained a severance. Posner now contends that subsequent revelation at trial of the weakness of the Government's foundation for admitting the letter proved the district court's prediction inaccurate. But Posner has not filed any motion in the district court subsequent to his severance that would provide the district court with an opportunity to re-evaluate the double jeopardy question in light of the evidence introduced at trial. Thus, the district court has made no findings on prosecutorial intent, and it is not appropriate for us to do so now. On the record before us, there is no apparent double jeopardy problem to Posner's retrial, and therefore no reason for the appeal to be dismissed on this argument.

AFFIRMED.

DANIEL HOLCOMBE THOMAS, District Judge, dissenting:

I respectfully dissent. I would admit the letter of July 29, 1976, in evidence as a statement of a co-conspirator in furtherance of the conspiracy under Federal Rules of Evidence 801(d)(2)(E).

I concur with the majority on the jurisdictional and double jeopardy issues raised by Posner's motion to dismiss.