**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victor POSNER, Defendant-Appellant.**

**No. 85–5886.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 21, 1986.

Mary G. Clark, Richard M. Cooper, Edward Bennett Williams, Washington, D.C., for defendant-appellant.

Caroline Heck, Asst. U.S. Atty., Neil S. Cartusciello, Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY, Circuit Judge, and PECK *, Circuit Judge.

PER CURIAM:

This appeal is a follow-up to *U.S. v. Posner,* 594 F.Supp. 923 (S.D.Fla.1984) and *U.S. v. Posner,* 764 F.2d 1535 (11th Cir. 1985). In the prior appeal this court, by a two to one vote, affirmed the order of the district court holding that a letter written by William Scharrer, appellant's alleged co-conspirator, was inadmissible against Posner because it was not made in furtherance

---

* Honorable John W. Peck, U.S. Circuit Judge for    the Sixth Circuit, sitting by designation.

of the conspiracy. At mid-trial of a joint trial, when the government offered the letter into evidence, the court announced that it was inadmissible as to Posner and incurably prejudicial as to him. Counsel for Posner moved to "be severed out of the trial," and the court granted the motion. Scharrer was convicted.

Before commencing the trial of Posner the government appealed the evidentiary ruling, and on appeal Posner for the first time contended that the case was moot because a retrial would submit him to double jeopardy. This court declined to decide the double jeopardy issue but set out what would be necessary for Posner to demonstrate to prevail on his contention:

> Because Posner filed the motion that led to the district court granting severance with respect to him, Posner must demonstrate an "intent on the part of the prosecutor to subvert the protection afforded by the Double Jeopardy Clause," *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982), by establishing that "the governmental conduct in question [was] intended to 'goad' the defendant into moving for a mistrial."

764 F.2d at 1539.

Posner then filed a motion before the district court, and the court denied it by an order attached as an appendix to this opinion. The court found "no evidence that the government proceeded in bad faith in trying to get the letter admitted," and no evidence "that the government intentionally misled the court as to what it would be able to establish through its witnesses," and "no intent on the part of the government to goad Posner into moving for a mistrial." Nothing is presented to us that would permit us to say that these findings are plainly erroneous.

Arguments that the government proceeded invidiously to "force a severance" and precipitate a mistrial as to Posner run head on into the fact that Posner made no effort or indication to have the trial proceed against him without the letter as evidence. Rather, after the motion was granted counsel for Posner remained silent while counsel for the government and Scharrer set about to continue the proceedings against Scharrer alone.

Posner also contends that the government engineered, and obtained, a "dry run" of Posner's defense by hearing his cross-examination of witnesses and the opportunity to know how the government's witnesses would perform on the stand. But, as the district court noted, the government pressed before trial for a ruling on the admissibility of the letter.

This court divided two to one over whether the letter in fact was admissible. This was on the same record that is submitted to us as demonstrating bad faith in attempting to get the letter into evidence. This court, of course, did not decide the bad faith issue, but its two to one division over admissibility bears on whether the government, in pursuing admissibility, was acting in bad faith.

The decision of the district court was not plainly erroneous.

AFFIRMED.

## APPENDIX

ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT ON DOUBLE JEOPARDY GROUNDS

SPELLMAN, District Judge.

On August 1, 1984, the fourth day of the joint trial of Victor Posner and William Scharrer, this Court granted Victor Posner's motion for severance when the government introduced in evidence a July 29, 1976 letter from William Scharrer to Loren Felabom, the business manager of Miami Christian College.[1] The Court had

---

1. Posner and Scharrer were charged with conspiring to overvalue two parcels of real estate given by Posner to the Miami Christian College. The government alleged that Scharrer supplied artificially high appraisals so that Posner could evade taxes by taking inflated charitable deductions on his income tax returns. Scharrer's letter to Felabom stated, in part, that the ap-

previously ruled that the letter would not be admissible against Posner and that limiting instructions would be insufficient to cure the prejudice. The trial proceeded against William Scharrer alone and Posner's trial was scheduled for a later date. Posner has now filed a motion to dismiss the indictment claiming that any retrial is barred by the Double Jeopardy Clause of the Constitution. This Court disagrees.

## I. BACKGROUND

### A. The Proceedings Before the Jury Was Sworn

Prior to trial, counsel for Victor Posner moved this Court for a hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979) to determine the admissibility of alleged co-conspirator statements that the prosecution intended to offer as evidence at trial. As is this Court's practice, a jury was selected, but prior to being sworn, the Court heard a *James* "proffer" by the government.

At this hearing, the government outlined the anticipated evidence upon which it would rely to establish the admissibility of co-conspirator's declarations. Transcript of Hearing of July 26, 1984 at 8–88 (hereinafter "Tr. H."). The Court ruled that the Government had proffered sufficient independent evidence to meet the first two prongs of the *James* test—that a conspiracy existed and that Posner and Scharrer had been members of it. Tr. H. 99–101. However, the Court commented that "there is a very [colorable] argument to be made that [the July 29, 1976 Scharrer letter] is not in furtherance of the conspiracy." Tr. H. 8. The Court also noted that if the July 29th letter and other contested documents proved to be inadmissible against Posner, there was a serious question as to whether limiting instructions would adequately protect Posner from the jury's improper consideration of the letter. Tr. H. 101–03.

After making these observations, the Court asked the government what it would do if the Court found that the documents in question were admissible only against Scharrer and the Court further found that limiting instructions would be inadequate to protect Posner. The government responded unequivocally that it intended to offer the documents against Scharrer. Tr. H. 102–03.

Given the government's intention to offer the documents in evidence, the Court asked whether it should take argument on the government's theory of admissibility and resolve the issue before swearing the jury. Tr. H. 104. The government stated that it believed that the issue should be resolved before the jury was sworn but it needed some time to prepare its legal argument. Tr. H. 104–05. The Court recessed for approximately an hour.

When the hearing resumed, the Court stated that it would need to hear the testimony of the witnesses the government would present to establish its theory as to why the letter was in furtherance of the conspiracy before making a final ruling on its admissibility. The Court also offered the government an example of the kind of testimony it would need to hear in order to find that the letter was written in furtherance of the conspiracy. Tr. H. 109–10. Finally, the Court expressed its view that trial should commence and that rulings on admissibility of the documents could be deferred without creating a double jeopardy problem:

> My view is that there obviously cannot be any contention with regard to double jeopardy. If [Posner's counsel] moves for a severance of Mr. Posner, he brings about Mr. Posner's discharge from the case and it is his decision that he would prefer for Mr. Posner not to be tried along with Mr. Scharrer if this documentation is going to be admitted only against Mr. Scharrer on the basis that a

praisal Scharrer did for one of the parcels of land Posner donated to the College was "probably unrealistic inasmuch as it [was] being developed for tax purposes." This Court's finding

that the letter was inadmissible against Posner was affirmed by the United States Court of Appeals for the Eleventh Circuit. *See United States v. Posner*, 764 F.2d 1535 (11th Cir.1985).

APPENDIX—Continued

Court instruction will not cure the effect of it at which time he has brought about the jeopardy to be undone, and in my opinion could not conceivably contend that there was any double jeopardy. I don't think it can be contended in any form or fashion that it was brought about by prosecutorial misconduct. I mean, obviously, a conscientious good faith effort to get evidence admitted against both parties and a ruling by the Court that it is admissible only as to one, if that is the result, I don't think gives rise to that.

Tr. H. 108–09.

The government concurred in the Court's views. Tr. H. 109. Counsel for Posner remained silent. The Court then stated: "That is providing that [Posner's counsel] gets up and makes his motion, which I don't know whether he will or not." Tr. H. 110. Again counsel for Posner said nothing.

B. The Proceedings After the Jury Was Sworn

The jury was sworn and trial commenced without a ruling as to whether the Scharrer letter and other documents would be admissible against Posner. Some seven witnesses testified before the issue of the admissibility of the questioned documents arose. The Court then heard additional testimony from other witnesses outside the presence of the jury. Trial Transcript at 409–16; 426–27; 429–35; 441–49 (hereinafter "Tr.").

Following further legal argument, the Court announced its ruling that none of the statements in the contested documents had been made in furtherance of the conspiracy. Tr. 449–63. The Court also ruled that no limiting instructions could adequately

protect Posner from the jury's improper consideration of Scharrer's letter. Tr. 463.[2]

After hearing the Court's ruling, the government urged that the Scharrer letter could be admissible against Posner under an alternative theory, as a declaration against interest pursuant to Rule 804(b)(3) of the Federal Rules of Evidence. Tr. 464–65. The Court heard additional argument on this point. It nonetheless rejected the government's alternative position and adhered to its view that the letter was inadmissible and incurably prejudicial against Posner. Tr. 472–77.

When the government called Loren Felabom as a witness on August 1, 1984, it offered Scharrer's July 26th letter into evidence. Tr. 584–88. Posner objected, and at sidebar, moved for a severance. Tr. 588–89. The Court excused the jury and asked Posner's counsel to move formally on the record. Posner's counsel did so and requested that Victor Posner "be severed out of this trial." Tr. 589. The Court granted the motion, stating that: "Mr. Posner, you are severed from trial. The Court will proceed to set your cause for trial." Tr. 590. Neither Posner nor his counsel voiced an objection to the trial proceeding against Scharrer.[3] A status conference was scheduled for resetting Posner's trial. Tr. 592–93.

II. THE DOUBLE JEOPARDY CLAUSE DOES NOT BAR A RETRIAL

A. Posner Requested a Termination of His Trial

In his motion to dismiss the indictment, Posner contends that he "moved for a severance not a mistrial," and that "nothing that [he] requested at any point in the proceedings required that his trial be termi-

---

**2.** The Court did find, however, that limiting instructions would suffice with respect to the other contested documents.

**3.** Even before Posner or his counsel left the courtroom, Scharrer's attorney announced that he intended to file a motion for a mistrial and asked for a lengthy recess. Tr. 593. The Court suggested a brief recess so that the government

and Scharrer could work on a proposed instruction to the jury explaining why Posner was no longer in the case. Tr. 593–594. Again, Posner and his counsel chose to remain silent.

Subsequently, the Court denied Scharrer's motion for mistrial, the trial continued against him, and the jury found him guilty on all counts.

nated before verdict." Memorandum in Support of Motion to Dismiss at 18–19 (hereinafter "Memo"). The record belies this.

When Posner's counsel actually made his motion for severance, he specifically requested that Posner be "severed *out of this trial....*" Tr. 589 (emphasis added). The Court complied with this request without objection. Indeed, even at the conference nine days later to set a retrial date, Posner raised no objection to a retrial. The first time Posner voiced *any* objection to a retrial was in the United States Court of Appeals for the Eleventh Circuit, on the government's appeal from this Court's evidentiary rulings.

The Court notes that Posner was *not* forced to seek a mistrial, for he had the alternative, that he chose not to pursue, of requesting that his own trial continue without the contested evidence. In fact, Posner even points to the availability of other options in his motion. According to Posner, when this Court granted the severance:

> [Scharrer's] letter had not been admitted against Mr. Posner, and it had not been shown or read to the jury. Thus, there was no reason ... why the trial could not have proceeded against Mr. Posner rather than Mr. Scharrer.

Memo at 19–20.

Posner's request to be severed "out" of the trial and his subsequent silence when the trial was terminated against him should be dispositive. For purposes of double jeopardy analysis, the critical inquiry is whether "the proceedings were terminated at the defendant's request and with his consent." *Lee v. United States*, 432 U.S. 23, 33, 97 S.Ct. 2141, 2147, 53 L.Ed.2d 80 (1977). When this is the case, as it was here, then the termination is "functionally indistinguishable from a declaration of mistrial," *id.* at 31, 97 S.Ct. at 2146. Retrial is permitted, unless judicial or prosecutorial error intentionally goaded or provoked the termination. *Id.* at 33–34, 97 S.Ct. at 2147. Indeed, the Double Jeopardy Clause would only bar retrial where " 'bad-faith conduct by judge or prosecutor,' threatens the

'[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity' to convict the defendant." *Id.* at 34, 97 S.Ct. at 2147. (citations omitted). *See Oregon v. Kennedy*, 456 U.S. 667, 675–76, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982).

**B. The Government Did Not Goad Posner to Seek His Trial's Termination**

Alternatively, Posner asserts that even if his motion can be considered one for a mistrial, he was "goaded" into terminating his trial. He claims that the government misled the Court so that it would defer ruling on the admissibility of the severance motion until midtrial and that the government offered the Scharrer letter for the purpose of "deliberately and intentionally" aborting the trial. Neither of these claims, however, is sufficient to bar a retrial.

It is true that this Court expected the government to put on testimony that would more fully support its theory that Scharrer's letter was written in furtherance of the conspiracy. And because it expected that this testimony was forthcoming, the Court deferred ruling on the admissibility of the letter until after the jury was sworn. Although the government's witnesses did not establish that the letter was written in furtherance of the conspiracy, the Court has found no evidence that the government proceeded in bad faith in trying to get the letter admitted. Nor has it found evidence that the government intentionally misled the Court as to what it would be able to establish through its witnesses.

Finally, the Court finds no intent on the part of the government to goad Posner into moving for a mistrial. Even prior to the swearing of the jury, the government unambiguously stated that it intended to offer the contested documents against Scharrer, even if the Court ruled that the offer would precipitate a severance and mistrial as to Posner. Indeed, not only did the government seek a pretrial ruling, it also sought an early mid-trial ruling on the severance issue. *See* Tr. 447. If the

government attorneys had truly intended to subvert Posner's double jeopardy rights by engineering a "dry run" as he claims, surely they would have waited longer before pressing the issue.

### III. CONCLUSION

For all the above reasons, Posner's motion to dismiss the indictment on the ground that the Double Jeopardy Clause bars retrial must be, and therefore is DENIED.

DONE AND ORDERED in Chambers, at Miami, Florida, this 19 day of September, 1985.