**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lazaro SERRA, Defendant–Appellant.**

No. 88–5649

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 25, 1989.

Kenneth M. Swartz, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Phillip DiRosa, Linda Collins Hertz, Harriett R. Galvin, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

Lazaro Serra and another were indicted on four substantive counts and one conspiracy count stemming from their dealings in counterfeit five-dollar bills. 18 U.S.C. §§ 371 & 472. The substantive counts also carried an aiding-and-abetting charge. 18 U.S.C. § 2. After his co-indictee pled guilty, Serra was tried separately. His first trial ended abruptly in a mistrial; the district judge denied Serra's subsequent motion to dismiss the indictment on grounds of double jeopardy. Following the second trial, the jury convicted Serra on all five counts and the judge imposed sentence.

I. *Double Jeopardy*

During cross-examination, the government asked Serra whether he had on

other occasions dealt in counterfeit hundred-dollar bills. The district judge immediately ordered a side-bar conference where he learned that Serra had been robbed a few days after his arrest; a suspect arrested by the police confessed to the robbery, stating that he had taken five counterfeit hundred-dollar bills from Serra. Out of the presence of the jury, the district court allowed the government to continue its line of questioning. Serra responded that indeed he had been robbed, but that he had been unable to identify a suspect from police photographs. The government subsequently indicated to the district judge that it would not be able to offer evidence to rebut Serra's denial of possessing the counterfeit hundred-dollar notes. The judge determined that the government did not have a sound basis for injecting into trial the prejudicial suggestion that Serra dealt in counterfeit hundred-dollar bills; upon Serra's motion, the court declared a mistrial out of a concern that the jury's verdict would be tainted by speculation about the prosecutor's asked-but-unanswered question. Serra argued in the district court and now urges that retrial was barred by the doctrine of former jeopardy. We disagree.

The Supreme Court in *Oregon v. Kennedy* explained that when a defendant successfully presses for a mistrial, double jeopardy bars a retrial only when "the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial." 456 U.S. 667, 676, 102 S.Ct.2083, 2089, 72 L.Ed.2d 416 (1982). Denying Serra's motion for indictment dismissal, the district court specifically held that "the conduct of the Government bringing about the original mistrial did not constitute 'gross negligence, or intentional misconduct.'" This finding is factual, binding upon the court of appeals unless clearly erroneous. *United States v. Posner*, 764 F.2d 1535, 1539 (11th Cir.1985). We cannot say that the finding is clearly erroneous; nothing in the record suggests that the error was calculated to provoke Serra into

moving for a mistrial, nor indeed can we divine a probable motive for the prosecutor to seek an untimely end to the first trial. Thus Serra's double-jeopardy claim fails.

## II. *Sentencing*

■ The federal sentencing guidelines apply to crimes committed on or after November 1, 1987. *See United States v. Burgess*, 858 F.2d 1512, 1514 (11th Cir.1988). Two of the substantive counterfeiting counts charged in the indictment were based on transactions occurring entirely on October 27 and 29, 1987. Nothing in the language of Title 18, section 472 suggests that the substantive crime of counterfeiting United States currency is a "continuing" offense; nor can we perceive any reason why it should be. *See Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970) (offense should not be construed as "continuing" unless "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one"). Serra thus committed two separate and distinct crimes prior to the effective date of the sentencing guidelines. The other two substantive counts, however, were based on transactions occurring on November 2, 1987; the indicted conspiracy began on October 26, 1987, but terminated on November 2, 1987.

Even though the in banc district court had previously struck the federal sentencing guidelines, *United States v. Bogle*, 689 F.Supp. 1121 (S.D.Fla.1988), *effectively rev'd, Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the district judge imposed sentences consonant with the guidelines for the conspiracy count and the two post-November 1 counts, but, disregarding the guidelines for sentencing as to the first two substantive counts, imposed considerably higher sentences.[1] The district court was concerned that Serra had perjured himself at trial.

---

1. The court sentenced Serra to twenty-one months for the conspiracy count and each of the two substantive counts based upon a post-November 1 transaction, and to six years on each of the two substantive counts based upon the pre-November 1 transactions, all sentences to run concurrently.

*See United States v. Grayson,* 438 U.S. 41, 50, 98 S.Ct. 2610, 2616, 57 L.Ed.2d 582 (1978) (defendant's perjury at trial is a valid sentencing consideration). The court was also concerned that counterfeit five-dollar bills, unlike high-denomination notes, are most able to injure "people that are least capable of dealing with the loss of any money." Further, the district court was presented with a pre-sentence investigation report in which the probation department opined that Serra was the more culpable defendant, and the judge considered the fact that Serra, unlike his codefendant, did not cooperate with the government nor make an effort to accept responsibility for his behavior. *Cf. United States v. Robbins,* 623 F.2d 418, 421–22 (5th Cir. 1980) [2] (error for sentencing court to place complete emphasis on defendant's perjury).

Not surprisingly, Serra challenges the two sentences he received for his pre-November 1987 activities. The guidelines are clearly inapplicable to sentencing for crimes committed prior to November 1987. *Burgess,* 858 F.2d at 1513–14. The government's decision to indict a pre-November 1987 crime in the same instrument as a post-October 1987 crime does not change that rule. The mere severity of a sentence within the statutory range, like Serra's,[3] is not a subject for appellate review. *United States v. Reme,* 738 F.2d 1156, 1167 (11th Cir.1984), *cert. denied,* 471 U.S. 1104, 105 S.Ct. 2334, 85 L.Ed.2d 850 (1985). As Serra has not shown arbitrary and capricious action on the part of the district judge amounting to a gross abuse of discretion, *United States v. Atkins,* 618 F.2d 366, 374 (5th Cir.1980), we affirm the judgment of the district court.

AFFIRMED.

---

**2.** *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (in banc). The Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

**3.** 18 U.S.C. § 472 authorizes a fine of up to $5,000 and a prison sentence of up to fifteen years for each violation.