[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on the defendants Edward and Pauline Berube's motion to dismiss criminal informations charging them with obtaining money under false pretenses. The Providence and Newport cases were consolidated for trial. The defendants have moved for a dismissal on the ground that further prosecution of these matters after a trial justice's sua sponte declaration of a mistrial would place them twice in jeopardy for the same offense. The facts surrounding the proceeding to which the mistrial was declared are as follows.
On April 2, 1991, defendants Edward and Pauline Berube were brought to trial on criminal informations charging them with obtaining money under false pretenses in violation of G.L. 1956 (1981 Reenactment) § 11-41-4. The matter was tried before Justice Famiglietti sitting without a jury.
At trial, the prosecution alleged that the defendants were involved in a fraudulent scheme to sell modular homes. The prosecution further contended that the defendants held themselves out as representatives of a Canadian modular home company falsely representing to potential customers that because of their affiliation they could produce quality homes rapidly and inexpensively. The defendants contended, however, that their failure to produce the modular homes as represented was a result of their entering into a subcontractual relationship with U.G. Realty, a corporation managed by Sydney Pal and James Math, both residents of New York.
On the morning of April 8, 1991, before the defendants completed presentation of their case in chief, they requested the prosecution to produce any information they had concerning U.G. Realty, Sydney Pal and James Math. At this juncture, it became evident that the prosecution had failed to disclose certain exculpatory evidence to the defendants. This evidence consisted of numerous documents the Department of Attorney General previously compiled in an effort to establish the existence of criminal conduct by Math and Pal involving the fraudulent sale of modular homes. Several other documents revealed that Math was a disbarred attorney from New York, that he was previously investigated by the New York State Police for "a fraud scam investigation involving U.G Realty Credit Corporation", and that he was also investigated in Rhode Island for falsely representing himself as a lawyer to individuals at J.T. Harris Lumber Company.
Immediately after learning of the nondisclosure defendants moved to dismiss the case. The trial justice noted, however, that she would need time to review the documents in camera before addressing the defendants' motion. At this juncture the trial justice stated:
 Okay. Well, I'm going to have to review the additional discovery, Mr. Prior; and much of it, if not all of it, is going to have to be disclosed to Mr. Cicilline. If Mr. Cicilline, based on that discovery, is representing that with that discovery prior to the commencement of the trial that his defense would have been altered strategically, then he's entitled to move for a mistrial.
When court re-convened, defense counsel renewed his motion to dismiss the case. Specifically, defense counsel asserted the documents were exculpatory evidence which the prosecution should have provided to the defendants. Defense counsel further asserted that the prosecution's failure to provide the defendants with these documents warranted a dismissal of the case.
The prosecution took a contrary position but did concede that if the court determined the documents to be exculpatory that they should be provided to the defendants. However, the prosecution claimed that their failure to provide the defendants with these documents was inadvertent and not a deliberate nondisclosure. Consequently, the prosecution asserted that a continuance or a mistrial and a retrial of the case were more appropriate remedies to be imposed by the court.
The trial justice denied the defendants' motion to dismiss, choosing instead to declare a mistrial of the case. In doing so, the trial justice found that the prosecutor did not deliberately withhold exculpatory evidence or attempt to ambush the defendants at the close of the trial. It should also be recognized that the trial justice exercised a sound discretion carefully considering the feasibility of less drastic but viable alternatives. In conclusion the trial justice stated:
 Because his not providing this information was completely inadvertent, the court feels that the dismissal of the case is not appropriate; I'll not dismiss the case, and I don't think a continuance would cure this situation in any way because this is information that an attorney should have before the trial even begins. So in this case, I'll deny the defendants' motion to dismiss, and I'll deny the State's request for a continuance, but I will declare a mistrial.
The question before this court is whether the double jeopardy clause of the Fifth Amendment to the United States Constitution prohibits retrial of the defendants. This court finds that it does not.
The constitutional guarantee against double jeopardy protects a defendant in a criminal proceeding against multiple punishments or successive prosecutions for the same offense. Abney v. UnitedStates, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). It is generally accepted that in jury trials jeopardy attaches when the jury is impaneled and sworn, and in a bench trial when the judge begins to hear the evidence. Serfas v. United States,420 U.S. 377, 388, 95 S.Ct. 1055, 1062-63, 43 L.Ed.2d 265, 274 (1975). Ordinarily, when a mistrial is granted on the defendant's motion or with his consent, the principle of double jeopardy does not bar a subsequent prosecution, unless the defendant's motion for a mistrial was the result of governmental action intended to provoke a mistrial request. Oregon v. Kennedy, 455 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); United States v. Dinitz,424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). When a trial is terminated over the objection of the defendant, such action must be justified by the existence of a "manifest necessity"; otherwise the defendant's valued right to have his trial completed by a particular tribunal is violated, State v.Sundel, 460 A.2d 939 (R.I. 1983).
In State v. Gordon, 508 A.2d 1339 (R.I. 1986), the court held that prosecutorial conduct not rising to the level of intentional bad-faith action designed to goad the defendant into seeking a mistrial will not operate to preclude a retrial under the double jeopardy clause. Thus, mere prosecutorial error, although it may necessitate a mistrial, will not operate to preclude retrial, State v. Gordon, 508 A.2d 1345.
In the case at bar, the trial justice specifically found that the prosecution had not deliberately withheld from defendants the documents pertaining to James Math. In fact, the court was satisfied that the prosecution's failure to provide the defendants with this information was completely inadvertent. Moreover, whether prosecutorial conduct was intended to provoke defendant into seeking mistrial is a factual question. Such a determination is more appropriately left to the trial court.United States v. Posner, 764 F.2d 1535, 1539 (11th Cir. 1985).
Although it appears that Gordon is dispositive of issues in the case at bar, in Gordon the defendant elected to terminate the proceedings and a mistrial was declared at his request. Therefore, the defendant's right to have his trial completed by a particular tribunal was not violated.
In State v. Torres, 524 A.2d 1120 (R.I. 1987), and later inState v. Fiske, 526 A.2d 1273 (R.I. 1987), the court noted that the constitutional protection against double jeopardy attaches once the jury has been impaneled and sworn. Both in Fiske andTorres the court emphasized that a subsequent declaration of a mistrial by a trial justice, absent the defendant's request or consent and absent a proof of a manifest necessity for such a determination, bars the defendant's retrial. Consequently, in both Fiske and Torres since there was no showing of a manifest necessity or evidence of the defendant's acquiescence or requests for such a declaration or ruling, any further retrial of the defendants was prohibited by the constitutional bar against double jeopardy.
In Torres, 524 A.2d 1123, the court described the doctrine of manifest necessity as "stringent and uncompromising". The court further noted that trial justice must "scrupulously exercise a sound discretion in declaring the mistrial". Id. at 1275. The court further explained that a minimum adequate exercise of discretion requires a record that demonstrates the concern for the consequences of an unnecessarily declared mistrial and demonstrates that the trial justice has exercised viable alternatives to such drastic action. Id. at 1275. Therefore in both Torres and Fiske, because the records were devoid of an imperious or manifest necessity in discharging the jury and because the respective trial justices declared a mistrial without consideration of the feasibility of less drastic but viable alternatives, retrial was barred by the constitutional ban against double jeopardy.
In Torres and Fiske, the court admonished the respective trial justices for the precipitous manner in which they declared a mistrial and for their failure to consider other viable but less drastic alternatives.
That is certainly not the situation in this case. The record reveals that the trial justice scrupulously exercised a sound discretion in declaring a mistrial. She declared a recess in which she carefully examined the materials which were withheld from the defense. The trial justice described these materials for the record and declared them to be potentially exculpatory. She also noted the existence of a potential witness who may have entered into a similar contract with the defendants.
It should be noted that the trial of this matter was near its conclusion. The prosecution had already rested its case and the defendants were nearing the conclusion of their case. The trial justice determined that a continuance would not be of any assistance because the material should have been available before the trial began.
Thus the trial justice considered the only other viable alternative to a mistrial, a continuance, and decided to declare the mistrial only when other potential remedies would not cure the problem. The record demonstrates this was not a precipitous act on the part of the trial justice nor was a mistrial declared in such a manner as to deny the defendants an opportunity to object. There was no objection. Indeed, the record also reveals that the trial justice, before her recess notified the defendants that she was seriously considering declaring a mistrial. Thus, the defendants cannot now be heard to say that the trial justice denied them the ultimate control of their case or that she declared the mistrial without deliberation or the exercise of sound discretion by considering other viable alternatives.
This court finds the existence of manifest necessity deemed a mistrial to be imperative. In the face of such massive nondisclosure by the prosecution, albeit inadvertent, were the trial to have concluded, any conviction would surely be reversed.Concannon, 457 A.2d 1350 (R.I. 1983); State v. Diaz,456 A.2d 256 (R.I. 1983); State v. Coelho, 454 A.2d 241 (R.I. 1982).
Accordingly, this court finds that the mistrial was properly declared under the manifest necessity standard, therefore further prosecution of the defendants would not violate the imperative ban against double jeopardy.
Counsel shall prepare an order in conformity with this decision.