**UNITED STATES of America, Plaintiff,**

**v.**

**Michael K. HEBEKA, Defendant.**

**No. CR91–743.**

United States District Court,
N.D. Ohio, W.D.

May 19, 1992.

Catherine H. Killam, Toledo, Ohio, for plaintiff.

Norman G. Zemmelman, Toledo, Ohio, for defendant.

## MEMORANDUM AND ORDER

DON J. YOUNG, Senior District Judge:

This cause is before the Court on defendant, Michael K. Hebeka's, objections to the presentence report in the above-captioned case.

On January 21, 1992, a jury returned a guilty verdict against Hebeka on all counts of a three count indictment filed September 4, 1991.

In count one of the three count indictment, Hebeka was charged with redeeming approximately $7,200,000 in food stamps in

violation of 7 U.S.C. § 2024(c) (1988), between April 22, 1985, and May 23, 1991. Section 2024(c) makes it unlawful for anyone to redeem food stamps that have been received, transferred, or used in any manner in violation of law. The alleged illegality in count one was that Hebeka received food stamps as a retail store owner after having obtained authorization under a false application. Hebeka was previously barred from participation in the food stamp program due to a prior trafficking offense.

In count two of the three count indictment, Hebeka was charged with redeeming approximately $3,450,000 in food stamps in violation of the same statute and during a shorter, yet overlapping time period, August, 1986, to January, 1991. The alleged illegality in count two was that Hebeka received these stamps in exchange for other than eligible food.

In count three of the three count indictment, Hebeka was charged with making false claims upon the United States Department of Agriculture in the amount of $7,200,000 between April 22, 1985 and May 23, 1991, pursuant to 18 U.S.C. § 287 (1988).

On October 8, 1991, this Court issued a Memorandum and Order in response to Hebeka's motion to require the government to elect, or in the alternative, to dismiss count one or count two of the indictment. In that Memorandum and Order the Court stated, that "[i]n the present case, the two counts are viewed by this Court as separate units of prosecution, although they would merge for purposes of sentencing. *United States v. Throneburg,* 921 F.2d 654 (6th Cir.1990)." *United States v. Hebeka,* No. 91–743 at 4 (N.D.Oh. Oct. 8, 1991) (order denying motion to elect).

Hebeka is now before this Court at the sentencing stage of his case. The presentence report computation states a total offense level of 29: A base level of 6, plus 13 levels for the amount of loss; plus 2 levels for more than minimal planning; plus 2 levels for violation of a judicial order; plus 2 levels for obstruction; and, 4 levels for Hebeka's role in the offense. When combined with Hebeka's Criminal History Category of III, the guideline range is 108 to 135 months.

Hebeka raises four objections to the presentence report: (1) The sentencing guidelines are inapplicable to this case because the indictment Hebeka was convicted on charges pre-guideline and post-guideline conduct in the same counts; even if the sentencing guidelines are applicable, Hebeka argues; (2) the addition of 13 levels for loss is improper; (3) the 2 level increase for obstruction is improper; and, (4) the 4 level enhancement for role in the offense is improper.

The Court finds Hebeka's first objection valid. The sentencing guidelines are not applicable to this case and Hebeka should be sentenced according to the statute or pre-guidelines sentencing.

The government contends that the Sixth Circuit has decided and resolved the issue of whether an indictment charging both pre-guidelines conduct and post-guidelines conduct (a straddle offense) calls for the application of the sentencing guidelines. The government argues that the Sixth Circuit requires application of the sentencing guidelines to pre-guideline conduct that is part of the same course of conduct or common scheme or plan. While that statement is true with respect to considering pre-guideline conduct in sentencing a defendant for a post-guideline crime, it is not the issue presented in this case. The government cites *United States v. Ykema,* 887 F.2d 697 (6th Cir.1989), *cert. denied,* 493 U.S. 1062, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990), as authority that the sentencing guidelines apply to Hebeka. The Sixth Circuit in *Ykema* stated:

Appellant also claims that his sentence violates the ex post facto clause of the United States Constitution (art. I, sec. 9, cl. 3) because the base level offense was determined in part by activities that were committed before November 1, 1987, the effective date of the sentencing guidelines. This contention is without merit. It is clear that *the charge being appealed was based on possession, with intent to distribute, of approximately 2 kilograms of cocaine after November 1,*

*1987.* Indeed, the count was specifically designed for application of the guidelines. It may be true that the amount of cocaine used in the pre-sentence report was determined from activities occurring before November 1, 1987, but this is not a violation of the ex post facto clause.

*Id.* at 700 (emphasis added).

In *Ykema,* the conduct charged in the indictment was conduct occurring after November 1, 1987, the effective date of the sentencing guidelines. The issue in *Ykema,* was whether pre-guideline activity could be considered for sentencing purposes for a post-guideline crime. *Contra United States v. Hill,* 931 F.2d 56 (6th Cir.1991) (".... [defendant] argues that the Ex Post Facto Clause of the Constitution is violated when the guidelines are applied to conspiracy that began prior to the effective date of the guidelines and ended after that date. This issue has been resolved by the opinion of this court in *United States v. Ykema,* 887 F.2d 697, 700 (6th Cir.1989), *cert. denied,* 493 U.S. 1062, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990), which held that application of the guidelines to straddle crimes does not violate the Constitution"); *But see United States v. Miller,* 910 F.2d 1321, 1327 (6th Cir.1990) ("The district court held that Sentencing Guideline § 1B1.3(a)(2) requires consideration of *uncharged* relevant conduct and we agree ... we find no justification for modifying the defendant's sentence based upon the district court's treatment of relevant conduct ... defendant asserts that the inclusion of relevant conduct predating the effective date of the guidelines violates the ex post facto clause of the Constitution, but we reached a contrary conclusion in *United States v. Ykema,* 887 F.2d 697, 700 (6th Cir.1989), *cert. denied,* 493 U.S. 1062, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990)" (emphasis added)); *Cf. United States v. Barger,* 931 F.2d 359, 365 (6th Cir.1991) ("continuing crimes" straddle guidelines, therefore, Act is applicable); *United States v. Edgecomb,* 910 F.2d 1309, 1311–12 (6th Cir. 1990) ("continuing crimes" straddle guidelines, therefore, Act is applicable); *United States v. Walton,* 908 F.2d 1289, 1299–1300 (6th Cir.1990) ("continuing crimes" straddle guidelines, therefore, Act is applicable); *United States v. Chambers,* 944 F.2d 1253, 1269 (6th Cir.1991) ("... courts reason that the Ex Post Facto Clause is not violated by applying the sentencing guidelines when the conspiracy continues after the effective date of the guidelines because conspiracy is a continuing offense"); *United States v. Sloman,* 909 F.2d 176, 182 (6th Cir.1990) ("we agree with those courts that have held the guidelines applicable to 'straddle crimes'—those continuing offenses....").

In the present case, the issue is whether the sentencing guidelines apply to a conviction on an indictment charging conduct occurring before and after November 1, 1987, the effective date of the sentencing guidelines.

### The Sentencing Reform Act.

The specific provisions of the Sentencing Reform Act provide that the sentencing guidelines "shall apply only to offenses committed after the taking effect of this chapter." Pursuant to an amendment to the Act passed on December 7, 1987, the Act's effective date was expressly moved to November 7, 1987. Pub.L. No. 98–473, 98 Stat. 1987 at § 235(a)(1) (*as amended by* Pub.L. No. 99–217 §§ 2 and 4, 99 Stat. 1728, and Pub.L. No. 99–646, § 35, 100 Stat. 3599). *See Farese v. Story,* 823 F.2d 975, 976–77 (6th Cir.1987) ("[i]n the absence of an explicit retroactivity provision the amendment does not apply to [a defendant's] sentence; *See Warden v. Marrero,* 417 U.S. 653, 659–64 [94 S.Ct. 2532, 2536–39, 41 L.Ed.2d 383] (1974)...."). "[I]t is clear that when Congress enacted the Sentencing Reform Act of 1984 it intended the new guidelines, when they were developed, to apply only to offenses committed on or after their effective date." *United States v. Haines,* 855 F.2d 199, 200–01 (5th Cir. 1988). "As to an offense committed prior to the effective date, the preexisting law will apply as to all substantive matters including the imposable sentence." *United States v. Byrd,* 837 F.2d 179 (5th Cir.1988) (quoting *Sen.Rep. No.* 225, 98th Cong., 2d Sess. 189, reprinted in 1984 *U.S.Code Cong. & Admin.News* at 3182, 3372).

However, there is no specific indication in the Sentencing Reform Act of 1984 regarding how a court is to deal with straddle offenses, those offenses that straddle the effective date of the Act.

### The Sixth Circuit Has Applied The Act To "Continuing Offenses" That Straddle Its Effective Date.

█ A careful review of the Sixth Circuit cases addressing this issue, indicate the resolution of whether the sentencing guidelines apply to an offense which straddles their effective date, turns on a determination of whether the charged offense is "continuing" in nature.

In *United States v. Barger*, 931 F.2d 359 (6th Cir.1991), the appellant was sentenced pursuant to the sentencing guidelines on a count of conspiracy. The conspiracy count in the indictment straddled the effective date of the Act. The government argued that conspiracy was an offense that could not be divided into different parts; since "[a] jury's verdict represents a finding that a crime was committed as alleged in the indictment...." *United States v. Henson*, 848 F.2d 1374, 1385 (6th Cir.1988), *cert. denied*, 488 U.S. 1005, 109 S.Ct. 784, 102 L.Ed.2d 776 (1989), that crime was not completed until the last day of the indictment. The Sixth Circuit stated:

> This court recently has ruled precisely on this issue and held the converse [of defendant's argument] to be true. In *United States v. Edgecomb*, 910 F.2d 1309, 1311–12 (6th Cir.1990), two defendants pled guilty to conspiracy to possess cocaine with intent to distribute. The period of the conspiracy ran from January 1987 to on or about December 11, 1987, thus "straddling" the November 1, 1987, effective date of the sentencing guidelines. This court held that, because conspiracy "is a continuing crime which is not completed at the conclusion of the agreement," the sentencing guidelines were applicable.

*United States v. Barger*, 931 F.2d 359, at 365 (6th Cir.1991) (quoting *United States v.*

*Edgecomb*, 910 F.2d 1309, 1311–12 (6th Cir. 1990)).

Similarly in *United States v. Walton*, 908 F.2d 1289, 1299–1300 (6th Cir.1990), the Sixth Circuit found that a conspiracy straddling the effective date of the Act was applicable for guideline sentencing. The court reasoned that because the defendants committed "continuing offenses", application of the sentencing guidelines was warranted. *Id.* at 1299. *Accord United States v. Chambers*, 944 F.2d 1253, 1269 (6th Cir.1991) ("... courts reason that the Ex Post Facto Clause is not violated by applying the sentencing guidelines when the conspiracy continues after the effective date of the guidelines because conspiracy is a continuing offense"); *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir.1990) ("we agree with those courts that have held the guidelines applicable to 'straddle crimes'—those continuing offenses....").

The cases decided in the Sixth Circuit on this issue have found the sentencing guidelines applicable to straddle offenses. However, these cases have dealt with conspiracy, clearly a "continuing offense".[1]

Other circuits are in agreement with the Sixth Circuit in finding the sentencing guidelines applicable to "continuing offenses" that straddle the effective date of the Act. *See, e.g., United States v. Terzado–Madruga*, 897 F.2d 1099, 1123 (11th Cir.1990) (defendant's conspiracy straddled effective date; ".... we conclude that the offense was committed after the effective date ..."); *United States v. Lee*, 886 F.2d 998, 1003 (8th Cir.1989); *United States v. Boyd*, 885 F.2d 246, 248 (5th Cir.1989).

### Other Circuits Have Refused To Apply The Act To "Non-continuing" Offenses That Straddle Its Effective Date.

While the Sixth Circuit has not addressed the issue of whether a "non-continuing offense" that straddles the Act's effective date is appropriate for guidelines sentencing, other circuits have decided the issue using rationale similar to the previously cited Sixth Circuit cases.

---

1. "Continuing offense. Type of crime which is committed over a span of time as, for example, a conspiracy." *Black's Law Dictionary* 291 (6th ed. 1990).

In *United States v. Serra*, 882 F.2d 471 (11th Cir.1989), the defendant was indicted and convicted on four substantive counts of counterfeiting and one conspiracy count. The trial court sentenced Serra to twenty-one months for the conspiracy count and each of the two substantive counts based upon conduct occurring after November 1, 1987, and to six years on each of the two substantive counts based on conduct occurring prior to November 1, 1987. He appealed the trial court's decision to use pre-guidelines sentencing, arguing that the crime of counterfeiting was "continuing" in nature. The Eleventh Circuit found that "[n]othing in the language of Title 18, section 472 suggests that the substantive crime of counterfeiting United States currency is a 'continuing' offense; nor can we perceive any reason why it should be. *See Toussie v. United States*, 397 U.S. 112 [90 S.Ct. 858, 25 L.Ed.2d 156] (1970)...." *Id.* at 473. The court went on to state that "[t]he guidelines are clearly inapplicable to sentencing for crimes committed prior to November 1987. The government's decision to indict a pre-November 1987 crime in the same instrument as a post-October 1987 crime does not change that rule." *Id.* at 474 (citation omitted).

The Fourth Circuit in *United States v. Bakker*, 925 F.2d 728 (4th Cir.1991), was faced with a defendant who sought the benefit of the sentencing guidelines by arguing that conspiracy, mail fraud, and wire fraud were "continuing crimes", thus the guidelines should apply. While the court agreed that conspiracy was a "continuing offense", the court found that under the particular facts, the conspiracy did not straddle the effective date of the sentencing guidelines. The court went on to say that "[t]he same can be said with even greater force about his mail and wire fraud offenses. These are not ongoing crimes of the type that can straddle the effective date; rather, they are crimes that occur on specific, identifiable occasions...." *Id.* at 739.

■ After reviewing the case law on straddle offenses, this Court concludes, that if the sentencing guidelines are to apply to a conviction on an indictment charging both pre-guidelines conduct and post-guidelines conduct within the same count, the crime charged must be a "continuing offense".

### *When Is An Offense "Continuing" In Nature?*

■ "The question whether a continuing offense exists is a question of statutory construction, since Congress has the power to punish different aspects of the same crime." *United States v. Jones*, 533 F.2d 1387, 1390 (6th Cir.1976). An offense should not be construed as "continuing" unless "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970).

Upon analysis of the sections Hebeka was convicted under, the Court concludes neither is a "continuing offense". The relevant parts of the food stamp statute state:

Whoever presents, or causes to be presented, coupons for payment or redemption of the value of $100 or more ... shall be guilty of a felony and, upon the first conviction thereof, shall be ... imprisoned for not more than five years ... upon the second and any subsequent conviction ... shall be imprisoned for not less than one year nor more than five years ... if such coupons are of a value of less than $100, shall be guilty of a misdemeanor...."

7 U.S.C. § 2024(c) (1988).

Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years...."

18 U.S.C. § 287 (1988).

The explicit language of both statutes does not compel a conclusion that they are

"continuing" in nature, nor is food stamp fraud or fraudulent claims, crimes that Congress would surely have intended to be "continuing".

Accordingly, the Court finds that since the offenses for which Hebeka has been convicted, are not "continuing offenses", it is appropriate to sentence him pursuant to the statute or pre-guidelines sentencing.

### *Ex Post Facto Concerns.*

The Court notes, but does not base its decision on, an apparent ex post facto concern in applying the sentencing guidelines to this case. Neither Congress nor the states may pass any "ex post facto law." U.S. Const. art. I, § 9, cl. 3; § 10, cl. 1. The Ex Post Facto Clause includes, inter alia, " 'every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.' " *Miller v. Florida,* 482 U.S. 423, 429, 107 S.Ct. 2446, 2450, 96 L.Ed.2d 351 (1987) (quoting *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)). The central concern of the Ex Post Facto Clause is " 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.' " *Miller,* 482 U.S. at 430, 107 S.Ct. at 2451 (quoting *Weaver v. Graham,* 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981)).

Under the statute or pre-guideline sentence, Hebeka's maximum sentence is five years on each of the two counts [2] he has been convicted on. Therefore, the maximum Hebeka can be sentenced to under the statute or pre-guidelines is 120 months. The pre-sentence report calculates the applicable guideline range as 108 to 135 months. Were The Court to apply the sentencing guidelines, which call for a higher sentence in this case than the statute, an Ex Post Facto concern may exist.

Therefore, for the reasons stated herein, good cause appearing, it is

Ordered that The Objections Of The Defendant, Michael K. Hebeka Are Well Tak-

en And The Court Will Proceed To Sentencing Under The Statute Or Pre-guidelines Sentencing On May 19, 1992.

IT IS SO ORDERED.

---

**2.** Although the indictment charged two food stamp fraud counts, the Court viewed them as separate units of prosecution which merged for purposes of sentencing.