**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert BRADLEY, Norman Speck,
Defendants–Appellants.**

**No. 89–5248.**

United States Court of Appeals,
Eleventh Circuit.

July 13, 1990.

---

Alvin E. Entin, Entin, Schwartz, Margules & Lazarus, Miami, Fla., for Robert Bradley and Norman Speck.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Eileen M. O'Connor, Anne R. Schultz, and Linda Collins Hertz, Asst. U.S. Attys., Ft. Lauderdale, Fla., for plaintiff-appellee.

Before KRAVITCH and JOHNSON, Circuit Judges, and KAUFMAN *, Senior District Judge.

FRANK A. KAUFMAN, Senior District Judge:

Appellants Robert Bradley and Norman Speck were among twenty-one defendants indicted in the United States District Court for the Southern District of Florida pursuant to a twenty-nine count indictment filed on September 23, 1987 in which various marijuana and cocaine offenses were charged. The indictment contained twenty-one counts charging substantive cocaine-related offenses (Counts 1–3; 12–29). All twenty-one defendants were charged with one or more cocaine-related offenses. In addition, the indictment contained eight counts charging substantive marijuana-related offenses (Counts 4–11). Along with nine other of those defendants, Bradley and Speck were charged with relation to both marijuana and cocaine.[1]

Owing to pleas of guilty and the fugitive status of two of the defendants, the case proceeded to trial against nine defendants, only two of whom, Speck and Bradley, were charged in any of the marijuana counts.

Prior to trial and during the first four and one-half days of testimony of the twenty-four day trial, defendants filed various severance motions. Speck and Bradley sought complete severance from co-defendants on the basis of prejudicial spillover. The remaining defendants requested the severing of the marijuana counts from the cocaine counts.[2] The district court did not

---

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

1. In the indictment, Speck and Bradley, plus seventeen others, were charged in Count Two with conspiracy to import at least one kilogram of cocaine, in violation of 21 U.S.C. § 963. Count Three charged all defendants, including appellants, with conspiracy to possess with intent to distribute at least one kilogram of cocaine, in violation of 21 U.S.C. § 846.

Bradley and Speck, along with up to nine others who did not proceed to trial, were charged in Counts Four and Five, respectively, with conspiracy to import and conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 963 and 846, and in

Count Ten with interstate travel to promote unlawful activity involving marijuana, in violation of 18 U.S.C. §§ 1952 and 2.

In addition, Bradley was charged in Count Thirteen with possession with intent to distribute at least one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1). Speck was charged in Count Twenty with importation of at least one kilogram of cocaine, in violation of 21 U.S.C. § 952(a) and in Count Twenty–One with possession with intent to distribute at least one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1).

2. In addition to Speck's pretrial Motion for Severance Based Upon Prejudicial Joinder, which was adopted by Bradley, co-defendant Robert Fowlkes filed a pretrial motion to sever the

rule with respect to any of those motions prior to trial. However, on the fifth day of testimony, that court severed the marijuana counts from the indictment pursuant to Fed.R.Crim.P. 14 and continued the trial against the nine defendants in connection with the cocaine counts.

At the conclusion of trial, the jury acquitted Speck on each of the cocaine counts pursuant to which he was charged; however, the jury failed to reach a verdict concerning any of the cocaine counts as to Bradley. In addition, the jury found five of the remaining seven defendants guilty as to at least one of the cocaine conspiracy charges, and failed to reach a verdict as to two others.[3]

The trial court set the severed marijuana counts against Bradley and Speck apart for a subsequent trial, and denied appellants' motions to dismiss those charges. Contending as they had below that retrial of those remaining counts is barred by the Fifth Amendment of the Constitution, Bradley and Speck appeal. We affirm.

## A. FACTS

The evidence adduced by the government at trial was that Bradley and Speck were active participants in extensive marijuana and cocaine smuggling operations from 1984 to 1986. According to that evidence, Speck flew an aircraft containing marijuana from Jamaica into the United States as part of a smuggling operation in 1984. In connection with that operation, Bradley added additional fuel capacity, *i.e.*, plumbed, to a second aircraft involved in the smuggling operation and made other repairs to that aircraft in addition to acting as a "spotter" for both aircraft as they arrived over the United States to determine if law enforcement aircraft were in pursuit. In May, 1985, the participants in the marijuana smuggling operation became involved with cocaine because dealing in cocaine was more lucrative. The cocaine operation ran from May, 1985 until May, 1986. Bradley continued to plumb, and provide repairs to, aircraft involved in the smuggling. In addition, on at least one occasion, Bradley again acted as a "spotter" for aircraft returning to this country with cocaine. The government's evidence also showed that Speck allowed aircraft owned by himself and his brother to be used in the smuggling operation, "plumbed" certain of those planes prior to takeoff, and "checked out" in one of his aircraft one of the pilots who was to fly in the smuggling operation.

## B. APPEALABILITY

Under *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the denial of a double jeopardy motion is an appealable order, prior to trial, under 28 U.S.C. § 1291, if the " 'claim[ ] of former jeopardy' " is "at least 'colorable,' " and is not " 'frivolous.' " *Richardson v. United States*, 468 U.S. 317, 322, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984), quoting *Abney*, 431 U.S. at 662 n. 8, 97 S.Ct. at 2042 n. 8, and *United States v. MacDonald*, 435 U.S. 850, 862, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978). In *Richardson*, Justice Rehnquist wrote that "[a] colorable claim ... presupposes that there is some possible validity to a claim." *Id.* 468 U.S. at 326 n. 6, 104 S.Ct. at 3086 n. 6.

The district court, in denying appellants' motion to dismiss the remaining charges against them, stated that it regarded appellants' double jeopardy claims as frivolous. In *United States v. Dunbar*, 611 F.2d 985, 986 (5th Cir.1980) (*en banc*), the Fifth Circuit,[4] held "that an appeal from the denial

---

3. The separate appeals of Sikes and Weaver, who were convicted upon some of the cocaine charges, have been decided adversely to them in an opinion filed by this court today.

marijuana counts, which he orally renewed at trial, and in which co-defendants Thomas Sikes, John Weaver, and Francis Scara joined. At that time, the district court indicated that all defendants would be considered as having joined in the motion unless they specifically indicated otherwise. The government opposed all severance motions.

4. Decisions of the United States Court of Appeals for the Fifth Circuit prior to October 1, 1981 are binding as precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*).

of a frivolous double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous." The court commented that "this rule implements a theory of dual jurisdiction" between the district court and the circuit court, noting that "[t]he idea of dual jurisdiction is not a new concept in federal jurisprudence." *Id.* at 989. Under *Dunbar*, the court below, after making a written finding that appellants' double jeopardy motion was frivolous, was not thereby divested of jurisdiction over the within case, despite appellants' filing of notices of appeal to this court. Accordingly, the district court could have proceeded to trial herein without awaiting the results of this appeal if that court's decision that the within double jeopardy claim is frivolous were correct.[5] However, in its brief, the government concedes that Bradley and Speck have presented a "colorable" double jeopardy claim, and, consequently, that this court has jurisdiction to hear the instant appeal. In our view, that concession is appropriate, and we therefore treat the double jeopardy claim of appellants as nonfrivolous.

## C. DOUBLE JEOPARDY PRINCIPLES

Speck and Bradley contend that retrial of the marijuana counts in this case[6] is barred by the Double Jeopardy Clause of the Fifth Amendment because, under *United States v. Jorn*, 400 U.S. 470, 484, 91 S.Ct. 547, 556, 27 L.Ed.2d 543 (1971), the district court's severance during trial of the marijuana counts, without their consent, deprived them of their constitutionally protected right to have their trial completed by the jury selected to serve in that trial.

■ "The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against multiple pun-

ishments or repeated prosecutions for the same offense." *United States v. Dinitz*, 424 U.S. 600, 606, 96 S.Ct. 1075, 1078, 47 L.Ed.2d 267 (1976) (footnote omitted). The Supreme Court has long held that the Fifth Amendment's double jeopardy prohibition mandates that "jeopardy attaches when the jury is empaneled and sworn." *Crist v. Bretz*, 437 U.S. 28, 35, 98 S.Ct. 2156, 2160, 57 L.Ed.2d 24 (1978), citing *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). Where a criminal defendant requests and is granted a mistrial, double jeopardy provisions do not apply, absent prosecutorial or judicial misconduct which involves "bad faith in order to goad the [defendant] into requesting a mistrial." *Dinitz*, 424 U.S. at 607–08, 611, 96 S.Ct. at 1079–80, 1081; *Jorn*, 400 U.S. at 485, 91 S.Ct. at 557. However, "where the judge, acting without the defendant's consent, aborts the proceeding, the defendant has been deprived of his 'valued right to have his trial completed by a particular tribunal.'" *Jorn*, 400 U.S. at 484, 91 S.Ct. at 556, quoting *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949) (footnote omitted). The Constitution protects that valued right "by requiring that a trial judge declare a mistrial without the consent of the defendant only after it determines that mistrial is a manifest necessity." *Abdi v. State of Georgia*, 744 F.2d 1500, 1503 (11th Cir.1984), *cert. denied*, 471 U.S. 1006, 105 S.Ct. 1871, 85 L.Ed.2d 164 (1985) (footnote omitted). In other words, in the absence of a motion or consent by the defendant, there can be no new trial unless "'there is a manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated.'" *Jorn*, 400 U.S. at 481, 91 S.Ct. at 555, quoting Justice Story in *United States*

---

**5.** In that same Order in which it determined the double jeopardy claim to be frivolous, the court below stated: "The defendants who raise this issue [Speck and Bradley] have stated that they intend to appeal if their motion is denied. Although the court feels that this issue is frivolous, the court will sever out the defendant Donald Wilson for a separate trial since he is being held in pre-trial detention." Thus, it would appear that the district court, in its dis-

cretion, decided not to proceed to trial against Speck and Bradley during the pendency of this appeal.

**6.** The marijuana counts which were severed during trial and which remain pending against appellants are Counts Four, Five and Ten of the indictment.

*v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824).

## D. WAIVER

██ Had the district court completely severed appellants from the trial as they requested, they would clearly presently have no double jeopardy claim absent a showing that the government intended "to subvert" the protections afforded by the Double Jeopardy Clause by "goad[ing them] into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982). *See United States v. Posner*, 780 F.2d 1536, 1537 (11th Cir.), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2915, 91 L.Ed.2d 544 (1986). However, in this case, the district court did not so do but rather severed the marijuana counts only and continued the trial against all of the defendants, including Speck and Bradley, as to the cocaine charges. When it so did, Speck and Bradley objected to the proposed severance, sought instead a complete severance, rather than just a severance of the marijuana counts, and advised the court that they were "going to take the position that jeopardy had attached and that there cannot be a trial in connection with those [severed marijuana] counts." The government suggests that since appellants moved for total severance and thus were willing to remove from trial *all* issues before the empaneled jury, and the district court granted only partial severance, each of appellants waived his right to claim double jeopardy as a result. The government contends that by so doing, appellants made a deliberate election to forego their valued rights to have their guilt or innocence determined before the empaneled jury. Appellants, on the other hand, maintain that by seeking a total severance out of concern for the possible taint or prejudicial spillover from the cocaine evidence adduced against co-defendants, they did not waive their right to claim double jeopardy as to the marijuana counts as a result of the trial court's grant of their co-defendants' motions for partial severance. In that regard, appellants point out that at no time did they make a motion solely for severance of the marijuana charges. Rather, after the jury was sworn, they sought only total severance. In that context, Speck and Bradley are correct—and the government is wrong—with regard to the government's waiver contention.

## E. JOINDER

According to appellants, the necessity for some type of severance was occasioned not by circumstances arising unexpectedly at trial, but rather by the alleged initial misjoinder of the cocaine and marijuana counts in the indictment, and the government's refusal to give up the unfair advantage obtained thereby after trial started and up to and including the severance action by the district court.

██ In the companion appeal arising from the same prosecution and trial as the within case, *United States v. John Weaver, et al.*, 905 F.2d 1466,[7] Speck and Bradley's co-defendants, Sikes and Weaver, have challenged the government's joinder of the marijuana counts with the cocaine charges in the same indictment as improper. Speck and Bradley do not expressly raise any claim of improper joinder in this appeal. However, to the extent they implicitly so do, we hold such joinder erroneous for the same reasons stated in our opinion in *Weaver*, but also conclude that it is harmless error in connection with the cocaine charges against Speck and Bradley for the reasons stated in *Weaver* and also because Speck was acquitted as to all of the cocaine counts, and the jury failed to reach a verdict as to Bradley concerning any of the cocaine counts. However, Speck and Bradley assert that without the improper initial joinder in the indictment of the marijuana charges with the cocaine charges, they would not have been subject to nearly five days of trial on the marijuana charges before those charges were severed out. That brings us to application of the doctrine of manifest necessity.

7.  *See* note 3, *supra.*

### F. MANIFEST NECESSITY

Neither Bradley nor Speck has alleged—and the record does not reflect—any bad faith conduct on the part of the judge or the prosecutor, or any intent on the part of the prosecutor to provoke any of the defendants in the trial below into seeking a mistrial. Quite the contrary, the record reveals that by joining all defendants and offenses into a single indictment, the prosecutor sought to try all of the defendants only once. Indeed, throughout the trial, the prosecutor opposed all of defendants' various motions for severance or mistrial, and also opposed the trial court's mid-trial severance decision. Unlike *Jorn,* *supra,* where the trial judge acted on his own motion in declaring a mistrial without the defendant's consent and gave no consideration to the possibility of a trial continuance, the trial judge below scrupulously considered all of defendants' and the prosecutor's arguments before finally severing the marijuana counts under Fed.R.Crim.P. 14.

Appellants concede that some type of severance was manifestly necessary as a result of the improper misjoinder in the indictment. The question arises, however, as to whether, when such joinder, as it was here, was caused not by bad faith but at most by bad judgment on the part of the prosecution and by an initial error by the district court in not ordering a severance before trial, Speck and Bradley are entitled *per se* to interpose the bar of double jeopardy to a new trial against them on the marijuana counts. The answer to that question is "no." Initial perfection in such matters is not guaranteed to any defendant. And if error in joinder occurs under Fed.R.Crim.P. 8(b), the trial court is empowered to sever after trial starts under Fed.R.Crim.P. 14 if manifest necessity so requires. If that were not so, "mistrials caused by prosecutorial or judicial errors could never be followed by second trials, because it is never manifestly necessary to make a mistake. Yet ... a prosecutor's blunder in drafting an indictment [can] suppl[y] manifest necessity for a mistrial." *United States v. Buljubasic,* 808 F.2d 1260, 1265 (7th Cir.), *cert. denied,* 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987). Thus, "[i]f the judge makes a mistake before trial, it can be corrected and the accused tried properly. If the judge makes a mistake after trial, that too can be corrected.... If the prosecution makes a mistake in drafting the indictment, and this causes a mid-trial dismissal, that may be corrected and the trial redone." *United States ex rel. Young v. Lane,* 768 F.2d 834, 839 (7th Cir.), *cert. denied,* 474 U.S. 951, 106 S.Ct. 317, 88 L.Ed.2d 300 (1985) (citations omitted). *See also United States v. Beasley,* 550 F.2d 261, 274–75 (5th Cir.) (Fay, J.), *cert. denied,* 434 U.S. 863, 98 S.Ct. 195, 54 L.Ed.2d 138 (1977).

Speck and Bradley also assert in this appeal that, in any event, the severance ordered by the district court was not manifestly necessary. We disagree. The classic formulation of what constitutes manifest necessity was advanced by Justice Story in *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824). Nevertheless, there is still "no precise formulation or mechanical application" for determining what facts constitute manifest necessity, "for the 'high degree' of necessity mandated by the phrase can be found in a variety of circumstances." *Abdi,* 744 F.2d at 1503, quoting *Arizona v. Washington,* 434 U.S. 497, 506–07, 98 S.Ct. 824, 830–31, 54 L.Ed.2d 717 (1978) (footnote omitted). To determine if severance was manifestly necessary, a reviewing court must examine "the entire record in the case without limiting itself to the actual findings of the trial court." *Abdi* at 1503. "The manifest necessity for a mistrial can exist alongside less drastic alternatives, so long as the record discloses that the trial court considered alternatives before declaring mistrial." *Id.* Thus, an important consideration in an appeal such as this one is whether the trial court carefully considered the alternatives and exercised sound discretion and did not act in an abrupt, precipitous or erratic manner. *See Jorn,* 400 U.S. at 487, 91 S.Ct. at 558. "The decision of the ... trial court that mistrial was a manifest necessity deserves great deference ... especially ... when the grounds for the

mistrial relate to jury prejudice, for the trial judge is in a particularly good position to observe the jurors, the witnesses and the attorneys in order to evaluate the extent of the prejudice." *Abdi,* 744 F.2d at 1503, citing *Arizona v. Washington,* 434 U.S. at 510–14, 98 S.Ct. at 832–35. No party in a criminal prosecution "has a right to have his case decided by a jury which may be tainted by bias; in these circumstances, 'the public's interest in fair trials designed to end in just judgments' must prevail over the defendant's 'valued right' to have his trial concluded before the first jury impaneled." *Arizona v. Washington,* 434 U.S. at 516, 98 S.Ct. at 835–36 (1978), quoting *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949) (footnotes omitted). Moreover, the Supreme Court has suggested that an additional consideration in assessing manifest necessity is a determination "as to which party to the case was the beneficiary of the mistrial ruling." *Jorn,* 400 U.S. at 482, 91 S.Ct. at 555. Thus, in *Gori v. United States,* 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), the Court "upheld reprosecution" after a mistrial in an opinion which "appears to tie the judgment that there was no abuse of discretion in these circumstances to the fact that the judge was acting 'in the sole interest of the defendant.'" *Jorn,* 400 U.S. at 482, 91 S.Ct. at 555, quoting *Gori,* 367 U.S. at 369, 81 S.Ct. at 1526.

■ In its order dismissing appellants' motion to dismiss, the district court noted that "[a]s the trial progressed it became apparent to the court that it was difficult to separate the various conspiracies and that some severance was in order." The record reflects that all defendants agreed at some time during the trial that some type of severance was absolutely necessary; they just could not agree with respect to who or what should be severed. It is also clear that the district court, before declaring a mistrial, listened to detailed argument, devoted substantial time to the issue, carefully weighed possible alternatives and took into account prejudice to the non-appellant defendants, judicial economy and the avoidance of multiple litigations regarding the same or similar offenses.

And, as in *Gori,* 367 U.S. at 369, 81 S.Ct. at 1526, in granting the co-defendants' severance motion, the court below acted "in the sole interest[s] of the defendant[s]," and contrary to the urging of the prosecutor. Under the circumstances, manifest necessity existed for the trial court to sever one or more charges and/or defendants. In that light, as Judge Vance has written, "once a severance is found to be warranted by manifest necessity, the trial court has sound discretion over who is to be retained and who is to be severed." *United States v. Aguiar,* 610 F.2d 1296, 1301 (5th Cir.), *cert. denied,* 449 U.S. 827, 101 S.Ct. 91, 66 L.Ed.2d 31 (1980). It is true that the district court did not make a specific finding as to manifest necessity. However, that fact is of little import in this case in which the record contains more than "sufficient justification" for such a finding. *Arizona v. Washington,* 434 U.S. at 516–17, 98 S.Ct. at 835–36.

Accordingly, we conclude that the trial court soundly exercised its discretion in granting severance of the marijuana counts. Therefore, retrial of appellants upon the marijuana counts is not barred by the Double Jeopardy Clause. The district court's denial of appellants' motion to dismiss the marijuana counts is Affirmed, and the within case is Remanded to the district court for trial of the marijuana counts.