**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wilberto QUIALA, Defendant–Appellant.**

No. 91–5330.

United States Court of Appeals, Eleventh Circuit.

April 21, 1994.

Yolanda Morales, Kathleen A. Hamilton, Coconut Grove, FL, for defendant-appellant.

Linda Collins Hertz, Alice Ann Burns, Edward Ryan, Asst. U.S. Attys., Miami, FL, for plaintiff-appellee.

Before BLACK, Circuit Judge, and DYER and SMITH *, Senior Circuit Judges.

DYER, Senior Circuit Judge:

Quiala appeals the denial of his motion to dismiss the indictment on double jeopardy grounds. Following the district court's *sua sponte* declaration of a mistrial in Quiala's first trial, Quiala was retried and convicted of conspiracy and possession with intent to distribute at least one kilogram of cocaine on board a vessel, in violation of 46 U.S.C.App. § 1903(a), (g), and 18 U.S.C. § 2. Because we find that the retrial of Quiala violated his rights under the Double Jeopardy Clause,

---

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

Quiala's conviction is reversed and his sentence vacated.

## BACKGROUND

Quiala's first trial on cocaine charges began on July 16, 1990 in Key West, Florida. The captain of a freighter and the crew members, including Quiala, were tried together. The freighter had 3,000 pounds of cocaine concealed in a hidden compartment.

Quiala's trial was bifurcated on July 6, 1990, as a compromise solution offered by the district court upon Quiala's request for a mistrial in the form of severance from his nine codefendants. Quiala had sought severance on the ground that he wished to reveal, through the testimony of Special Agent Haynes in the government's case-in-chief, his original post-arrest statements which would have implicated his codefendants. The district court permitted Quiala to offer his proffered evidence in a bifurcated trial following the return of the jury's verdicts as to the nine codefendants. Quiala again moved for severance and the impaneling of a new jury to consider his case based upon the alleged cumulative prejudice that he claimed had resulted from codefendants' closing arguments. The district court denied the motion.

On July 23, the jury completed its deliberations as to Quiala's codefendants and returned guilty verdicts as to all nine. Quiala's bifurcated trial continued for the remainder of that day, with closing arguments scheduled for the next morning.

Quiala's counsel, Diane Ward, did not appear in court the next morning at 9:30 a.m. when the trial was scheduled to begin. Ms. Ward and court personnel had left Key West for the night of July 23, with plans to return from Miami in the morning. Mechanical difficulties on the airplane leaving Miami for Key West at approximately 8:20 a.m. delayed the scheduled travel to Key West of Ms. Ward, as well as the courtroom deputy, the court reporter and the interpreter.

The problem of the flight's mechanical difficulties which caused the delay was communicated by the courtroom deputy to the judge's secretary. She also left a message on an answering machine at the judge's Key West office. The judge's staff and Ms. Ward took the next available flight, and arrived in Key West at 10:30 a.m. on July 24.

At approximately 10:20 a.m., the district court declared a mistrial based upon defense counsel's failure to appear. The court noted that the earliest that counsel could get to court from the airport was 11:20 or 11:30 a.m., approximately one hour later.

A second trial on the charges against Quiala was scheduled for January 15, 1991. Quiala filed a motion to dismiss the indictment on January 14, 1991, based on double jeopardy grounds. The district court denied the motion. On January 18, Quiala was found guilty of the cocaine smuggling offenses charged in indictment. He is serving a sentence of 235 months incarceration.

## DISCUSSION

### Standard of Review

We review the denial of defendant's motion to dismiss the indictment under an abuse of discretion standard. *United States v. Jorn,* 400 U.S. 470, 481, 91 S.Ct. 547, 555, 27 L.Ed.2d 543 (1971); *United States v. Chica,* 14 F.3d 1527, 1530 (11th Cir.1994).

### Analysis

■ The Double Jeopardy clause of the Fifth Amendment provides that: "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "[W]here the judge, acting without the defendant's consent, aborts the proceeding, the defendant has been deprived of his 'valued right to have his trial completed by a particular tribunal.'" *Jorn,* 400 U.S. at 484, 91 S.Ct. at 557 (quoting *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949)). From the point forward of the jury being empaneled and sworn, "the defendant has a constitutional right, subject to limited exceptions, to have his case decided by that particular jury." *Chica,* 14 F.3d at 1531 (citing *Crist v. Bretz,* 437 U.S. 28, 35, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978) and quoting *United States v. Shafer,* 987 F.2d 1054, 1057 (4th Cir.1993) (footnote omitted)).

In Quiala's first trial, the jury was sworn, with testimony presented in the course of seven days of the trial before the jury was discharged and a mistrial declared. The declaration of mistrial did not follow a defense motion. In their opposing arguments, Quiala contends that the district court erred in *sua sponte* declaring a mistrial, while the government asserts that the mistrial was declared at the behest of the defendant, and, thus, retrial was not barred.

### Pending Motion

Retrial of Quiala would not be barred if the district court declared a mistrial based on a pending motion before the court. *See United States v. Dinitz*, 424 U.S. 600, 608, 96 S.Ct. 1075, 1080, 47 L.Ed.2d 267 (1976); *United States v. Buljubasic*, 808 F.2d 1260, 1265 (7th Cir.), *cert. denied*, 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987). A motion made by defendant which states a particular ground for mistrial may present a basis for the district court to grant the motion on that ground as necessitated by circumstances which may develop later in the trial.

The government's arguments in support of its position that the mistrial was either requested or induced by Quiala are unpersuasive. In rejecting the government's argument in this case, we do not foreclose, in the unusual case, exercise of the district court's discretion to grant a mistrial after denial of a motion which states a particular ground that is supported by later events in the trial. In such a case, as in *Buljubasic*, a trial judge may finally propose to give the defendant what he sought. However, such a circumstance did not exist in Quiala's trial.

■ The remarks of the trial judge that Quiala had been seeking severance and a mistrial throughout the trial do not establish a proper basis for granting mistrial on the unrelated basis of defense counsel's absence or delay in arriving for trial. There was clearly a lack of consent of the defendant under these circumstances. We find no support in the record for the government's assertion that the district court granted a pending defense motion for a mistrial.

### Strategic Decision

■ The government also contends that the declaration of the mistrial was prompted by defense counsel's strategic decision. A defendant's strategic decision to seek mistrial does not bar retrial absent judicial or prosecutorial provocation. *See United States v. Miller*, 742 F.2d 1279, 1285 (11th Cir.1984), *cert. denied*, 469 U.S. 1216, 105 S.Ct. 1194, 84 L.Ed.2d 340 (1985).

We find a total lack of evidence of a deliberate absence from trial by Quiala's counsel.[1] There is no basis in the record to conclude that Ms. Ward sought to provoke the mistrial on the morning of July 24. Counsel's returning to Miami for the night on July 23 and encountering an unavoidable delay caused by the canceled airline flight on July 24 does not support a deliberate but disguised strategic decision on the part of counsel to have the court declare a mistrial.

Unless induced by the defendant, the unfairness to the defendant of an unresolved accusation results from having his trial aborted before it is completed and being subjected to a second prosecution. *See Arizona v. Washington*, 434 U.S. 497, 503–04, 98 S.Ct. 824, 829–30, 54 L.Ed.2d 717 (1978). The defendant's right to be free from a second prosecution for the same offense needs no additional demonstration of prejudice. *See Illinois v. Somerville*, 410 U.S. 458, 471, 93 S.Ct. 1066, 1073–74, 35 L.Ed.2d 425 (1973).

### Manifest Necessity

■ Manifest necessity is an essential condition to retrial after declaration of mistrial without the consent of the defendant. *See, e.g. United States v. Bradley*, 905 F.2d 1482, 1486 (11th Cir.1990), *cert. denied*, 498 U.S. 1089, 111 S.Ct. 969, 112 L.Ed.2d 1055 (1991);

---

1. The trial judge issued a rule to show cause against Ms. Ward which was later discharged after a hearing, as the court determined that Ms. Ward was not in contempt of court. The gravamen of the charge was that Ms. Ward failed to appear for closing argument on the last day of defendant's 7-day trial, July 24, 1990. The court stated that its concern was that Ms. Ward had not requested the court's permission to leave Key West and return to Miami while the court was adjourned for the evening.

*Abdi v. Georgia,* 744 F.2d 1500, 1503 (11th Cir.1984), *cert. denied,* 471 U.S. 1006, 105 S.Ct. 1871, 85 L.Ed.2d 164 (1985). The delayed arrival of counsel in Quiala's first trial, although causing an inconvenience at the conclusion of the trial, does not demonstrate the high degree of necessity for this court to conclude that a mistrial over defendant's objection was appropriate. *See Arizona v. Washington,* 434 U.S. at 506, 98 S.Ct. at 831. "[T]he Double Jeopardy Clause does not contain a judicial economy exception." *Chica,* 14 F.3d at 1532.

We note that the remarks of the district court state that at 9:46 a.m. the judge was unaware of Ms. Ward's whereabouts.

[The court]:

I wonder has anyone seen the defense counsel, Ms. Diane Ward? I don't see her in the room. She was due here at nine-thirty this morning.

The judge stated that he had received the messages left by the courtroom deputy to explain the airline's problems and the delay in arriving in Key West. However, the district court stated its observation of a deliberate strategic motive in defense counsel's absence.

[The court]:

[A]pparently [this] was the strategy of Ms. Ward ... [who] succeeded in [her] objective of getting a mistrial, and severance of her client from the other nine clients who were found guilty yesterday on July 23, 1990.

The stated concern of the district court, in addition to its comments on Ms. Ward's unexplained absence and her apparent motivation, was the delay in the proceedings. The delay and inconvenience focused on by the judge was that it was caused by Ms. Ward's conduct.

[The court]:

I can't keep those people waiting two hours in that jury room for a defense counsel who left, who apparently left town and flew to another city and didn't get back.

Counsel's flight arrived in Key West at 10:30 a.m., approximately five minutes after the mistrial was declared.

The lack of consideration of alternatives to a mistrial subjects the district court's abrupt declaration of a mistrial to close appellate scrutiny. *See Grandberry v. Bonner,* 653 F.2d 1010 (5th Cir. Unit A Aug. 1981); *see also United States v. Dixon,* 913 F.2d 1305, 1311 (8th Cir.1990) ("district court acted, most uncharacteristically, in an abrupt and precipitate manner"); *Brady v. Samaha,* 667 F.2d 224, 229 (1st Cir.1981) ("insufficient concern for the defendant's constitutional protection"). The circumstances on July 23, when the district court decided to grant a mistrial within a brief time period, denied counsel any opportunity to object or consent. *See Grandberry,* 653 F.2d at 1015.

Defense counsel's late arrival to present closing argument, causing a two-hour delay at the conclusion of a 7–day trial, does not constitute a manifest necessity to justify granting a mistrial. The Constitution's clear prohibition against subjecting a defendant to the jeopardy of a second trial protects Quiala's rights, absent a showing of manifest necessity.

## CONCLUSION

The burden of justifying the mistrial is a heavy one, 434 U.S. at 505, and the government has not met that burden in this case.

Accordingly, the district court's order denying Quiala's motion to dismiss the indictment is reversed. Upon remand, the district court is directed to vacate the judgment and sentence rendered in the retrial of Quiala.

REVERSED AND REMANDED.

BLACK, Circuit Judge, specially concurring:

I write to identify what I believe to be the major factor causing this appeal, namely, the frustration the district court undoubtedly felt as a result of Ms. Ward's conduct in this case. During a lengthy and complex multi-defendant drug importation conspiracy trial, the district court courteously attempted to accommodate Ms. Ward's desire to admit Quiala's post-arrest statements by continuing his trial until after the jury returned its verdicts in the trial of his co-defendants.

When Quiala's separate trial could not be completed on July 23, the district court scheduled closing arguments to begin at 9:30 a.m. on July 24, fully expecting all parties to be present.

I do not know what caused Ms. Ward to travel from Key West to Miami on the evening of July 23. I do know, however, that her poor judgment in doing so was inconsiderate of the district court, the jury and other counsel. As I understand the record, Ms. Ward planned to leave Miami on an 8:20 a.m. flight, knowing that she was expected in court in Key West one hour and ten minutes later. I question whether such a plan would work in the best of circumstances. Certainly, Ms. Ward's plan failed to allow for the uncertainties of air travel, including not only the possibility of mechanical failure, but also early morning fog, inclement weather, pilot or crew illness, flight overbooking and the like.

Although I concur in the opinion of the court and agree that penalties for defense counsel's conduct should not fall on her client, I believe Ms. Ward might well have deserved sanctions.