[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**December 13, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-12777

D. C. Docket No. 03-20347 CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARC M. HARRIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(December 13, 2005)**

Before DUBINA and KRAVITCH, Circuit Judges, and STROM*, District Judge.

PER CURIAM:

_____
*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

Appellant Marc M. Harris ("Harris") appeals his convictions and sentences imposed by the United States District Court for the Southern District of Florida.

The issues presented for appellate review are (1) whether the district court correctly determined that the statute of limitations had not expired on any of the counts in the superseding indictment; (2) whether the district court abused its discretion in denying Harris's motion to dismiss the indictment for pre-indictment delay; (3) whether the district court correctly concluded that Harris was charged with and convicted of a single crime under the conspiracy to defraud count returned by the grand jury in the superseding indictment; and (4) whether the district court committed plain error by treating the Sentencing Guidelines as mandatory.

The district court's denial of a motion to dismiss is reviewed for abuse of discretion. *United States v. Quiala*, 19 F.3d 569, 570 (11th Cir. 1994). This court reviews *de novo* "the district court's interpretation and application of the statute of limitations. . . ." *United States v. Gilbert*, 136 F.3d 1451, 1453 (11th Cir. 1998).

A district court's refusal to dismiss an indictment for pre-indictment delay is subject to review for an abuse of discretion. *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996).

A district court's determination that the conspiracy count was not duplicitous is reviewed *de novo*. *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989).

Any error in the district court's sentencing Harris under the then-mandatory Guidelines system is subject to plain error review. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *cert. denied*, ___ U.S. ___, (2005).

Because we conclude from the record that there is no merit to any of the arguments Harris makes on appeal, we affirm his convictions and sentences.

**AFFIRMED**.